# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **JERMAINE PILLOW** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:14-1948** |
| | ] | **JUDGE HAYNES** |
| **PAM SMITH, et al.** | ] | |
| **Defendants.** | ] | |

## O R D E R

Before the Court is a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No. 2).

Plaintiff is an inmate at the Bedford County Jail in Shelbyville, Tennessee. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, the Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

On April 14, 2014, the defendant, Pam Smith, hired the Plaintiff to be a painter. Plaintiff claims that racial discrimination led to his wrongful termination from the job.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the defendants reside in or around Bedford County. The Plaintiff's claims arose in Shelbyville, which lies in Bedford County. Since Bedford County is within the Eastern District of Tennessee, 28 U.S.C. § 123(a)(4), venue for this action properly belongs in that judicial district.

Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Tennessee, Winchester Division at Winchester, Tennessee. 28 U.S.C. § 1406(a).

The Clerk is further instructed to send a copy of this order to the Sheriff of Bedford County to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the

Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED.**

**ENTERED** this the 20ᵗʰ day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge